IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEPHTALI DE LEON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-204-XR |
| | § | |
| THE CITY OF SAN ANTONIO, et. al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**ORDER**

On this date, the Court reviewed the United States Magistrate Judge's Report and Recommendation and Plaintiff's objection thereto.  Doc. Nos. 10 & 20.  After careful consideration, the Court ACCEPTS the Recommendation.  Accordingly, the case is DISMISSED.

**BACKGROUND**

The nature of this case as described by Plaintiff follows:

> This is an effort by Complainant, Nephtali De Leon, to survive as one of "the People" the named Defendants are here acting in conspiracy against because of his "race."  Complainant is one of the Autochthonous People of this area now called "Texas."  The Defendants, and each of them, acting separately and jointly, are as here complained of acting to usurp the identity, and therefore also thereby the attendant rights, of Complainant and of Complainant's People, as the only rightful and legitimate "Ultimate Sovereign" of this putative but fraudulent state of the United States of North America.

Am. Compl. at ¶ 1.

On March 7, 2014, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") and tendered a proposed complaint.  Doc. No. 1.  On March 11, 2014, the Court struck the motion for IFP status and dismissed the case without prejudice because Plaintiff's attorney was not authorized to practice law in this district.  Doc. No. 4.  Plaintiff was thereafter allowed to file an Amended Complaint signed by himself as a *pro se* party or with the assistance of a duly licensed attorney.  Doc. No. 5.

On May 13, 2014, the Court reinstated this motion for IFP, noting that Plaintiff's attorney had been readmitted to practice law in this district.  Doc. No. 6.  On May 23, Magistrate Judge Mathy issued her recommendation that Plaintiff be denied leave to proceed IFP.  Doc. No. 10.  On June 24, 2014, after being granted an extension of time to do so, Plaintiff filed objections to the Magistrate's Report.  Doc. No. 20.  On that same date, Plaintiff sought leave to file an Amended Proposed Complaint.  Doc. No. 23.

**LEGAL STANDARD**

In civil matters, there is no absolute right to proceed IFP.  *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).  IFP status is a privilege that is extended at the court's discretion to those plaintiffs who are unable to pay filing fees for a non-frivolous action. *Id.* Assuming that a plaintiff satisfies the financial prerequisites to proceed IFP, he must also establish that he has raised a non-frivolous issue.  *See* 28 U.S.C. § 1915(e)(2).  Section 1915(e) accords courts "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  In an action filed IFP, a court may raise *sua sponte* the issue of

whether the proposed complaint is malicious or frivolous under Section 1915(e).  *Id.* at 330. Dismissal of a claim as frivolous is permissible when the claim "lacks an arguable basis either in law or in fact." *Id.* at 325.  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

**DISCUSSION**

In his Amended Proposed Complaint,[1] Plaintiff lists the following entities and individuals as Defendants: (1) the State of Texas, (2) the City of San Antonio, (3) the San Antonio Police Department, (4) City of San Antonio Development Services Department, (4) Cristina Velasquez, and (5) John Does (I-II).  *See* Am. Compl. at p. 7-14.  After careful review, Plaintiff's Amended Proposed Complaint suffers from many of the same legal defects as his Original Proposed Complaint.  As a result, Plaintiff has still not asserted legal claims that possess an arguable basis in law.  IFP status is therefore improper.  *See Neitzke*, 490 U.S. at 325.

Following the pattern of all of Plaintiff's filings, the Amended Proposed Complaint consists primarily of historical narrative intended on impugning the legitimacy of institutions such as the federal courts, the common law, and the State of Texas.  For example, Plaintiff complains of "Invader-American imposed governance, including this Judiciary, here in this fraudulent 'State of Texas' now in place … [T]he government in place is a fraud which is here and now being retroactively legitimized by Foreign Invaders who have usurped all means of record keeping such as that here now being made." Am. Compl. at ¶ 23.[2]  Despite the 62

---

[1] As an initial matter, the Court finds that Plaintiff should be granted leave to amend his Proposed Complaint. Doc. No. 23.  See FED. R. CIV. P. 15 (noting that leave to amend should be granted freely).
[2] More troubling are the inappropriate non-legal statements Plaintiff makes regarding race and gender.  Plaintiff repeatedly references Magistrate Mathy's gender in his objections and refers to Hispanic citizens as "nothing but an 'Indian' who panicked at the difficulty of making a living as an 'Indian' and therefore adopted all the outward

page amended complaint, Plaintiff employs a simple rhetorical device: agree with him, or the Court is racist and part of the "judicial genocide here being accomplished." Am. Compl. at p. 26.  Of course, this Court is duty bound to apply the law as it exists. To the extent that Plaintiff is asserting that history somehow entitles him to special treatment, he is mistaken.

As Judge Mathy notes, Plaintiff fails to allege facts that give rise to a cognizable legal claim.  The Amended Proposed Complaint does not cure this defect.  To begin, Plaintiff, by and through his counsel, appears aware of his obligation to establish this Court's subject matter jurisdiction.  *See* Am. Compl. at p. 15 (section captioned "jurisdiction and venue"). However, in lieu of arguing that federal question or diversity jurisdiction exists over the case, Plaintiff instead argues that the federal courts exist only to perpetuate the interest of the "invader-Americans" and that, consequently, Plaintiff only consents to jurisdiction with respect to the relief requested in this case.  Am. Compl. at p.17.  It is well settled that a party cannot consent to subject matter jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Plaintiff has therefore failed to establish the jurisdictional basis for this Court to hear the case. Without an affirmative grant of jurisdiction, this Court is powerless to hear even the most compelling of claims.

Aside from his failure to establish this Court's jurisdiction, Plaintiff does not explain how the facts he alleges support a legal cause of action. *See Am. Fire & Cas. Co. v. Finn*, 342 U.S. 6 (1951) ("A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show").   For example, Plaintiff purports to assert a "cause of action for conspiracy to commit genocide of the Indian People." Am. Compl. at ¶ 37.  The Court has no

---

indicia of a Whiteman and made himself into the best reflection he could of the Americans in control." *See, e.g.*, Am. Compl. at p.29.

4

occasion to opine on the history of relations between the government and Native Americans. For the purposes of this motion, it is sufficient that Plaintiff has not alleged how the specific defendants named in his Amended Complaint have wronged him personally.[3] Plaintiff has not, and likely could not, establish that he has standing to sue on behalf of all Coahuiltecan Indians. Therefore, in this lawsuit, Plaintiff can only assert claims based on injuries that he has personally suffered. Cf. *Sierra Club v. Morton*, 405 U.S. 727 (1972) (discussing requirement for group-based standing).

The only particularized injury that Plaintiff appears to assert is that Defendant City of San Antonio unlawfully took his property located at 414 Regina Street. Plaintiff alleges that on February 20, 2014:

> [T]he City Defendants came with City Police who demanded upon pain of arrest that De Leon sign the Administrative Citations for violations of city code/s and issued Citations No. AH 003366 and AH 003367 under their position as explained to the effect that the Defendants had ascertained that Defendant Cristina Velasquez was the owner of one of the lots on which De Leon's residence at least partially sits.

Am. Compl. at ¶ 45. Plaintiff further alleges that on March 2, 2014, Defendant Velasquez returned to the house with Defendants John Doe I and John Doe II to take physical possession. *Id.* at ¶ 46.

Even if liberally construed as a claim under 42 U.S.C. § 1983 for a deprivation of Plaintiff's civil rights in the form of an unlawful taking without just compensation, Plaintiff's

---

[3] Plaintiff merely states in a conclusory fashion that the named Defendants are responsible for the acts alleged. Inasmuch as this allegation does not satisfy the standards set forth in *Twombly* and *Iqbal*, Plaintiff has not demonstrated his entitlement to IFP status. *See* 28 U.S.C. 1915(e)(2) (providing that IFP status can be denied if proposed complaint fails stop state a claim upon which relief may be granted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (noting that conclusory allegations are insufficient to state a claim upon which relief may be granted).

legal claim still suffers from a variety of defects that render him ineligible for IFP status. Foremost among them, the status of the Regina Street property appears to be the subject of an ongoing state court proceeding. *See* Am. Compl. at ¶ 71. Inasmuch as Plaintiff seeks to enjoin the Defendants from asserting further ownership rights over the premises in state court, the Anti-Injunction Act precludes this Court from issuing injunctive relief that could interfere with an ongoing state court proceeding. *See* 28 U.S.C. § 2283 (Providing that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"). Plaintiff has not established that any of the aforementioned exceptions apply. In addition, Plaintiff has not alleged facts indicating that Defendant the State of Texas is in any way involved in this affair. Plaintiff seeks an injunction prohibiting Defendants from asserting the legitimacy of the "void ab initio" state of Texas. Am. Compl. at ¶ 57. Plaintiff has not established that he is entitled to injunctive relief on this claim under Rule 65. *See* FED. R. CIV. P. 65.

With respect to Plaintiff's claim for damages, he has not established that the City is subject to liability under *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978)(requiring that plaintiffs show a municipality's custom and practice of violating civil rights before the municipality can be liable for damages). Moreover, as noted by Magistrate Judge Mathy, the State of Texas is immune from money damages in this case. *See* U.S. CONST. AMEND. XI. Finally, all of the named individual Defendants are private citizens and thus do not fall within the scope of § 1983.[4] *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th

---

[4] According to the Amended Complaint, Defendant Velasquez is a private citizen who claims ownership over Plaintiff's land. Am. Compl. at ¶ 14. In addition, the pleading indicates that John Does I & II are also private citizens. *See id.*

Cir. 1994). Plaintiff does not sufficiently allege facts to show that the individual non-governmental defendants were acting in concert with the state defendants. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir.1986) (conclusory allegations of conspiracy between state actors and non-state actors insufficient to state a claim under §1983). Plaintiff has not properly sued a government official such as an individual police officer or the Chief of Police as would be necessary under these circumstances to state a claim for damages under § 1983.[5]

## CONCLUSION

After carefully reviewing Plaintiff's Amended Proposed Complaint, the Court finds that he has not stated a claim upon which relief may be granted. Accordingly, the Court DENIES Plaintiff's motion to proceed IFP. Doc. No. 1. All pending motions are hereby DENIED AS MOOT and the clerk is directed to CLOSE this case. In light of Plaintiff's history of filing voluminous pleadings unrelated to legal causes of action, Plaintiff is advised that, other than a notice of appeal, he may no longer file paper with this Court pertaining to this case.

SIGNED this 10th day of July, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] As a final matter, Plaintiff seeks a declaratory judgment stating that that Defendants "are not imbued with any endemic human element 'superior' to such elements in Complainant De Leon." Am. Compl. at p. 31. Plaintiff is entitled to equal protection under the laws. *See* U.S. CONST. AMEND. XIV Other than that, Plaintiff gives no legal basis for any further declaratory relief.